# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1095V**
**Filed: August 16, 2019**
UNPUBLISHED

|  |  |
|---|---|
| DAVID CHOI,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Findings of Fact; Onset;  Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Matthew B. Vianello, Jacobson Press & Fields, Clayton, MO, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## FINDINGS OF FACT[1]

**Dorsey**, Chief Special Master:

On July 26, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered a left shoulder injury, which was caused by an influenza ("flu") vaccine he received on October 5, 2016.  Am. Petition at ¶¶ 1-17.[3]  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner's original petition and affidavit (Ex. 7), refer to the vaccination date as October 9, 2016. Petitioner filed an amended petition and supplemental affidavit noting that this date was provided in error having misread the vaccination record.  Ex. 8 (Pet's Supp'l Aff.).  The undersigned notes that the date as

For the reasons discussed below, the undersigned finds the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, petitioner suffered pain within 48 hours of vaccination.

## I.    Relevant Procedural History

In support of his claim, petitioner filed medical records (Exs. 2, 4-6, 11-13), his own affidavits (Exs. 7, 8), and witness affidavits (Ex. 3, Aff. of Linh Hoang; Ex. 14, Aff. of Lan Ho; Ex. 15, Aff. of John Do; Ex. 16, Aff. of Eric Hamblett). Deadlines for respondent to report his position in the case were set following the September 24, 2018 initial status conference. Orders, ECF Nos. 8; *see also* Docket Entries dated Feb. 1, 2019, and Mar. 15, 2019.

On May 15, 2019, respondent filed a status report proposing a Rule 4(c) report deadline and stating that he was not interested in exploring settlement. ECF No. 19. Respondent filed a Rule 4(c) report on June 19, 2019. Resp.'s Rep., ECF No. 20. In his report, respondent argued that petitioner had not met his burden of establishing that the onset of his alleged shoulder injury occurred within 48 hours of his October 5, 2016 flu vaccination. *Id.* at 3-4.

Thereafter, the undersigned reviewed the evidence and determined that fact hearing or briefing would not be necessary. Order, ECF No. 21. A deadline was set for closing the record on the matter of onset. *Id.* In response, petitioner filed additional records and witness affidavits. ECF No. 22, Exs. 12-13 (additional pre-vaccination records), 14-16 (affidavits). The matter is now ripe for adjudication.

## II.    Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA require that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

## III.    Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act

---

written on vaccine recipient line of the vaccination administration record is indeed the number "5" that could be interpreted alternatively as the number "9." Ex. 2

§ 11(c)(1).  A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period."  Vaccine Act § 13(b)(2).  "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table."  *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record.  Vaccine Act § 13(b)(1).  "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions.  With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events."  *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

## IV.    Finding of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, testimony, expert reports, respondent's Rule 4 report, and additional evidence filed.  Specifically, the undersigned bases the finding on the following evidence:

- Petitioner received the flu vaccine in his left deltoid on October 5, 2016 at Barnes-Jewish Hospital/Washington University in St. Louis, Missouri.  Ex. 2 at 1.
- On March 13, 2017, petitioner was seen by orthopedist Dr. Craig Ziegler at Barnes Jewish Hospital for left shoulder pain "starting in October 2016 after receiving a flu shot to the left shoulder."  Ex. 4 at 10.  Petitioner reported "the pain was sore initially, and worsened over the following 2 days."  *Id.*  An x-ray and ultrasound were performed and appeared normal.  *Id.*  Petitioner received a corticosteroid injection and was referred to physical therapy ("PT").  *Id.* at 10-11.
- Petitioner began PT on March 21, 2017 at Excel Sports and Physical Therapy.  Ex. 5 at 8.  Petitioner reported that his injury onset was in October 2016, "after the flu shot."  *Id.*  The Physical Therapist, Jhanal Mitra Chakraborty, noted that petitioner presented "with approx 5 month [history] of L shoulder pain that started with a flu shot in Oct 2016."  Ex. 5 at 23.
- Petitioner returned to his orthopedist for a follow up on May 9, 2017.  Ex. 4 at 4.  The record from this appointment notes "[petitioner] was seen previously for persistent rotator cuff tendonitis following a improperly placed fluid injection."  *Id.*  Orthopedist, Dr. Ljiljana Bogunovic ordered an MRI and directed petitioner to return following the results.  *Id.*

- Petitioner returned to Dr. Bogunovic on June 19, 2017. Ex. 4 at 2. Dr. Bogunovic reviewed petitioner's MRI results and administered a lidocaine/Mercaine/Depo-Medrol injection. *Id.* Petitioner's MRI showed no signs of arthritis or rotator cuff tendon tear. *Id.* Dr. Bogunovic's diagnosis was "subacromial bursitis status post flu shot injection into the subacromial space." *Id.*
- Petitioner recalls that he began experiencing pain in his left shoulder immediately following his October 5, 2016 flu vaccination. Ex. 8 at 2.
- Lihn Hoang, the sister of petitioner's girlfriend, recalls that when visiting with her in October 2016, petitioner mentioned his left shoulder pain which started after his flu vaccine. Ex. 3. Petitioner asked Ms. Hoang, who is a Nurse Practitioner, to take a look at his shoulder. *Id.* Ms. Hoang recalls petitioner having limited range of motion in his left shoulder for which she recommended he take over-the-counter anti-inflammatory medication. *Id.*
- Lan Ho, petitioner's girlfriend, was with petitioner on the day of his flu vaccination and recalls his complaints of shoulder pain that evening while at dinner with their friends. Ex. 14 at 2.
- John Do, petitioner's roommate, recalls petitioner being unable to participate in their usual basketball games starting in October 2016 due to his left shoulder pain. Ex. 15.
- Eric Hamblett, accompanied petitioner to Barnes Jewish Hospital on October 5, 2016 so they could both get a flu shot. Ex. 16. Mr. Hamblett recalls that in the days following the flu shot petitioner complained of pain and referred to his left arm as his "dead arm." *Id.*

The above medical entries are consistent with petitioner's affidavit testimony that his left shoulder pain began at the time he received the flu vaccine on October 5, 2016. The undersigned finds the sworn testimony of petitioner's witnesses to be credible and in agreement with the contemporaneously created treatment records. As such, the undersigned finds preponderant evidence that the onset of petitioner's left shoulder injury occurred within 48 hours of his October 5, 2016 flu vaccination.

## V.     Scheduling Order

Respondent shall file a status report by **Thursday, September 19, 2019**, indicating whether he is interested in exploring an informal resolution of petitioner's claim.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master